

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00432-CR

Charles David **CISNEROS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 23-03-00043-CRK
Honorable Jennifer Dillingham, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: October 30, 2024

DISMISSED

On June 27, 2024, appellant Charles David Cisneros filed a notice of appeal challenging his judgment of conviction for aggravated sexual assault of a child. The district clerk then filed a copy of the clerk's record showing Cisneros entered into a written plea bargain agreement with the State pursuant to which he pled guilty. The clerk's record further shows the trial court imposed his sentence in accordance with the agreement and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d).

The clerk's record includes the written plea bargain agreement which includes a waiver of the right to appeal those matters that were raised by written motion filed and ruled on before trial. *See id.* 25.2(a)(2). The record establishes the punishment assessed by the court (a maximum of forty years and no fine) does not exceed the punishment recommended by the prosecutor and agreed to by the defendant (forty years and no fine). *See id.* 25.2(a)(2). The record also appears to support the trial court's certification appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

We therefore ordered appellant to file a response establishing an amended certification showing he has the right to appeal has been made part of the appellate record. *See* Tex. R. App. P. 25.2(d), 37.1. On September 14, 2024, appellant's counsel filed a response acknowledging the content of the plea agreement, including the waiver of the right to appeal, but nevertheless requests we remand the case to the trial court for an amended certification. Counsel identifies no efforts to secure an amended certification or otherwise identify why his client is entitled to one. Instead, he explains the trial court assessed court costs without complying with Texas Code Criminal Procedure article 42.15(a-1)'s requirement to determine appellant's ability to pay costs.

Because an amended certification showing Cisneros has the right to appeal has not been made a part of the appellate record, the appeal is dismissed. *See* Tex. R. App. P. 25.2(d).

PER CURIAM